(No. 604—Claim denied.)

LEONARD RYAN, A MINOR, BY JOHN S. RYAN, HIS FATHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1924.*

RESPONDEAT SUPERIOR—*when State not liable.* The State is not liable for the negligence of its agents, officers or employees in the absence of a statute.

BOARD OF EDUCATION—*not an agency of the State.* The Board of Education in the city of Chicago in conducting and maintaining the Carter Public School is not acting as an agent of the State.

SAME—*State not liable for negligence of municipal corporations.* The State is not liable for the negligence of the officers and agents of a municipal corporation.

JOHN A. BROWN, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought by Leonard Ryan, a minor, by John S. Ryan, his father and next friend. The claimant alleges that while he was attending the Carter Public School maintained by the State of Illinois in and through the Board

of Education of the City of Chicago, on the 5th day of June, 1918, a coping and ornament over the entrance to said school building fell upon said plaintiff on the said sidewalk and ground adjacent to said school, causing the right eye of the plaintiff to be jammed out of its socket, breaking his right leg, fractured and splintered from his knee to his ankle, and caused his right foot to be bruised and smashed, his right arm to be fractured, and his left arm was broken about five inches above the wrist, and that he was otherwise injured, maimed and disabled. It was further alleged that said coping was insecurely fastened.

The defendant by its Attorney General comes and files a demurrer, and for the special cause of demurrer defendant sets up:

*First:* That the doctrine of *respondeat superior* is not applicable to the State.

*Second:* That in the absence of statute the State is not liable for the torts of its officers, agents or employes.

*Third:* That the Board of Education of the City of Chicago, in owning, conducting and maintaining the building alleged to have been the cause of the injury complained of, was not at the time of alleged injury, nor is it now, acting as the agent of the State of Illinois.

*Fourth:* That the State of Illinois is not liable for the torts of the Board of Education of the City of Chicago; nor is it liable for the torts of any of the officers, agents or employes of the said Board of Education of the City of Chicago.

*Fifth:* That the State of Illinois did not through the Board of Education of the City of Chicago, or otherwise, at the time of the alleged injury, have possession, control or management of the said public school building, known as the Carter Public School, nor did it own, operate or maintain the same or any of its appurtenances; nor was it, the said defendant, under a duty, at the time of the alleged injury, to keep the said building or any part thereof in good and safe repair and condition.

*Sixth:* That if, as alleged in said declaration, the defendant owned, possessed, controlled, maintained or managed the said public school building, it, the said defendant, was, in so doing, exercising a governmental function and would not be liable for the torts of its officers, agents or employes.

This court realizes that the claimant was seriously and grievously injured and that his pain and discomfort, agony of mind and body cannot be measured by dollars, but it is the

opinion of this court that the State of Illinois is not legally liable and that this court is without jurisdiction under the Act of 1917 in making allowance of this case, and it is our belief that it was not the intention of the legislature to clothe this court with extraordinary power to obligate the people of the State of Illinois in this class of cases. The court has ruled that as a matter of equity and good conscience an allowance would be made for injuries sustained by employes in the course of their employment or wards of the state or others who are injured through negligence of employes in the various departments of the State, but if the court drifted further afield and assumed obligations of municipalities or divisions of the State, then it would be the opinion of this court, the State would be burdened with a multitude of obligations far beyond those considered by the legislature in the establishment of this court.

The court would therefore sustain the demurrer of the defendant and disallow the claim.